## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### Case No.  14-17284-AJC

IN RE: RUBEN OSCAR BARBUSCIO and             Chapter 13/ Trustee Nancy K. Neidich
CONSUELO VICTORIA BARBUSCIO
_____/

## OBJECTION TO VALUE AND MOTION FOR FINDING THAT CREDITOR MARINSA IS SECURED

COMES NOW THE SECURED CREDITOR, MARINSA INTERNATIONAL INC.,

PROFIT SHARING PLAN AND TRUST, (hereinafter, "Marinsa") by and through the

undersigned attorney who hereby serves its objection to acceptance of the amount of

$235,556.34 as stated in the debtors' "Motion to Value and Determine Secured Status of Lien"

and states:

1. Debtor has incorrectly indicated on its Chapter 13 petition that the Junior Lein

Holder, Marinsa International, Inc., Profit Sharing Plan and Trust is wholly unsecured.

Marinsa holds a second mortgage in the amount of $25,000 recorded April, 13, 2007 (OR

25532 Page 4911-4916).  The debtor has indicted a value in the amount of $235,566.43 for the

real property 756 SW 99th Court Circle, Miami, FL 33174.  According to the Debtor's

designated value, Marinsa is completely secured.

2. The Senior Mortgage originally held originally by Novastar Mortgage, Inc.,

(recorded in OR 24301 Pages: 3927-3947 on March 8, 2006) indicated a principal amount of

$196,000.  The Senior Mortgage was subsequently modified by Bank of New York Mellon on

Sept. 12th, 2011 adding interest, costs, and expenses in the amount of $80,931.92 to the Senior

Mortgage balance.  The Senior Mortgagee characterized the additional amount as "Unpaid

Principal Balance".  The Modification was recorded on December 22, 2011 in OR 27938

Pages 75-79.

3. The increase of the $80,931.92 added to the principal represents a material

modification that adversely prejudices Marinsa, the subordinate junior lien holder. Marinsa did not consent or otherwise agree to the modification adding the additional amounts for interest, costs, and expenses to the Senior Mortgage's Principal Balance.

4. Marinsa's Junior Lien principal amount of $25,000 is included in the total final judgment amount of $41,630.78 in Miami-Dade Case no. 2013-26558-CA-01.

5. It is hereby moved, contemporaneous with this objection, to prioritize the amount due to Marinsa above the $80,931.92 amount added to the Senior Mortgage and therefore designate Marinsa as a secured creditor of the debtor's homestead should the collateral be valued at $1 more than the original principal mortgage of the senior lien holder ($196,000).

6. A Proof of Claim was filed by Marinsa on 4/14/2014 and can be found on #19 of the court's docket indicating the final judgment amount of $41,630.78 for an original principal balance of $25,000.

WHEREFORE, for the forgoing reasons, it is moved that this court order the priority value secured by the first mortgage is limited to $196,000 contemporaneously with the objection to the value stated of $235,556.43.

### Certificate of Service

I hereby certify that a true and correct copy of the forgoing was served upon counsel filing to all parties in the service list:

Edward Freire and Laila S. Gonzalez, Counsel for Debtors, courtdoc@freiregonzalez.com

Nancy K. Neidich, Trustee, via e-filing.

Dated this April 14, 2014.

Respectfully submitted,

By: /s/Matthew E. Ladd_____

Matthew E. Ladd, Esq.
The Law Office of Matthew E. Ladd, P.A.
4649 Ponce De Leon Blvd., Suite 301

Coral Gables, FL 33146
305-665-3978 (O)
305-984-4649 (C)
MattLadd@MLLLawMiami.com
Florida Bar No.: 668151
Attorney for Creditor Marinsa International, Inc.