

**ORDERED in the Southern District of Florida on August 18, 2014.**

A. Jay Cristol, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                          Case No.: 14-17284-AJC

Ruben Oscar Barbuscio and                       Chapter 13
Consuelo Victoria Barbuscio,

Debtors.
_____/

### AGREED ORDER GRANTING DEBTORS' AMENDED MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY

**THIS CASE** came to be heard on the 15th day of July, 2014 on the Debtors' *Motion to Value and Determine Secured Status of Lien on Real Property* (DE 33; the "Motion"). The parties having agreed, the Court FINDS as follows:

A.  The value of the Debtors' real property (the "Real Property") located at 756 SW 99th Court Circle, Miami, FL 33174, and more particularly described as LOT 3, BLOCK 11, LES CHALETS 2, ACCORDING TO THE PLAT THEREOF, RECORDED IN PLAT BOOK 119, PAGE 26, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

is valued at $230,000.00 at the time of the filing of this case.

B.  The total of all claims secured by liens on the Real Property senior to the lien of

Marinsa International Inc.(the "Lender") is $235,556.43.

C.  The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $0.00.

D.  Due to legal issues unrelated to valuation, the parties agree that the Lender shall have a secured claim in the amount of $20,000.00 at 0% interest to be paid through the plan, which each party bearing their own attorneys fees and costs.

Consequently, it is **ORDERED** as follows:

1.  The Motion is **GRANTED**.

2.  Lender has an allowed secured claim in the amount of $20,000.00.

3.  Because Lender's secured interest in the Real Property is $20,000.00, Marinsa International, Inc.,'s second mortgage recorded on April 13, 2007 at OR Book 25532, Page 4911 of the official records of Miami-Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of this Court, upon entry of the Debtor's discharge in the Chapter 13 case. If this case is converted to a case under any other Chapter or if the Chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.

4.  (Select only one):

    ___ Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

or

    ✓    Lender filed a proof of claim in this case. It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $ 21,630.78, regardless of the original classification in the proof of claim as filed. Lender's secured claim in the total amount of $20,000.00 shall be paid through the plan at 0% interest.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court during the pendency of the instant bankruptcy.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

7. The creditor is directed not to file any Notices of Payment Change in the instant case.

### # # #

Attorney is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.